IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Angel Reyes,<br><br>    Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>    Defendant. | No. CV-17-08192-PCT-SMB<br><br>**ORDER** |

Pending before the Court is Plaintiff Angel Reyes's ("Plaintiff") appeal from the Social Security Commissioner's (the "Commissioner") denial of his application for Social Security Disability Insurance and Supplemental Security Income Benefits. Plaintiff filed a Complaint (Doc. 1) with this Court seeking judicial review of that denial, and the Court now addresses Plaintiff's Opening Brief (Doc. 12, "Op. Br."), Defendant Social Security Administration Commissioner's Response Brief (Doc. 14, "Resp."), and Plaintiff's Reply (Doc. 15, "Reply"). The case was stayed pending the Supreme Court's opinion in *Biestek v. Berryhill*, 139 S. Ct. 1148 (2019). (Doc. 18). Following *Biestek*'s release, the parties submitted supplemental briefs. (Docs. 20–22). The Court has reviewed the briefs and the Administrative record (Doc. 11, "AR") and now reverses and remands the Administrative Law Judge's decision (AR 23–36) as upheld by the Appeals Council (AR 1–4).

**I.    Background**

The parties are familiar with the background information in this case, and it is

summarized in Administrative Law Judge ("ALJ") Joan G Knight's November 25, 2015 decision. (AR 23–36). Accordingly, the Court will reference the background only as necessary to the analysis below.

## II. Legal Standard

The ALJ's decision may be overturned "only when the ALJ's findings are based on legal error or not supported by substantial evidence in the record." *Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003). "Substantial evidence" is "more than a mere scintilla, but less than a preponderance, i.e., such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006). When reviewing an ALJ's decision, the district court considers only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001).

"Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion which must be upheld; and in reaching his findings, the ALJ is entitled to draw inferences logically flowing from the evidence." *Gallant v. Heckerl*, 753 F.2d 1450, 1453 (9th Cir. 1984). "The trier of fact and not the reviewing court must resolve conflicts in the evidence, and if the evidence can support either outcome, the court may not substitute its judgement for that of the ALJ." *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992); *see also Benton*, 331 F.3d at 1035 ("If the evidence can support either outcome, the Commissioner's decision must be upheld."). The ALJ is also responsible for resolving conflicts in medical testimony, determining credibility, and resolving ambiguities. *See Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). If substantial evidence from the record as a whole supports the ALJ's decision, the Court must affirm it. *See Hammock v Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). But the Court "may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

The Court is not charged with reviewing the evidence and making its own judgment as to whether Plaintiff is disabled. A reviewing court, in dealing with a

judgement which an administrative agency alone is authorized to make, may only make its decision based upon evidence discussed by the agency. *Sec. & Exch. Comm'n v. Chenery Corp.*, 332 U.S. 194, 196 (1947). This limits the Court's inquiry to the reasons asserted by the ALJ and the evidence relied upon in support of those reasons. *Connect v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003). The Court may not uphold an ALJ's decision on a ground not actually relied on by the ALJ. *Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012). Additionally, "harmless error principles apply in the Social Security Act context." *Id.* at 1115. "[A]n ALJ's error is harmless where it is inconsequential to the ultimate nondisability determination." *Id.*

To determine if a claimant is disabled for the purpose of the Social Security Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof for the first four steps, and the burden shifts to the Commissioner at step five. *Apfel*, 180 F.3d at 1098. First, the ALJ determines whether the claimant is engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. *Id.* § 404.1520(a)(4)(ii). If not, the claimant is not considered disabled and the inquiry ends. *Id.* For step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. pt. 404. *Id.* § 404.1520(a)(4)(iii). If the ALJ concludes it does, the claimant is automatically found to be disabled. *Id.* If not, the ALJ proceeds to step four, where she assesses the claimant's residual functional capacity ("RFC") and determines if the claimant is capable of performing past relevant work. *Id.* § 404.1520(a)(4)(iv). If the claimant is capable, she is not disabled and inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, which addresses whether the claimant can perform any other work based on the claimant's RFC, age, education, and work experience. *Id.* § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id.* If not, the claimant is disabled.

**III. Analysis**

Plaintiff argues that Commissioner erred in three ways when she denied him benefits: (1) by failing to properly consider additional evidence gathered after the ALJ's decision but before the Appeals Council's decision; (2) by denying Plaintiff's subpoena request for Vocational Expert Shirley Ripp's ("VE Ripp") and not requiring her to disclose the sources of data for the numbers of jobs in the local, regional, and national market (AR 23, 376–78); and (3) by not providing "specific and legitimate reasons" for rejecting Plaintiff's treating physicians' medical opinions. The Court will consider the first and third arguments first because they are closely related, and then consider VE Ripp's data.

1. <u>Additional Evidence</u>

After the ALJ's November 25, 2015 decision, Plaintiff appealed the denial to the Appeals Council. (AR 1). Prior to his appeal, the Commissioner sent him a letter noting a change in the rules the Appeal Council will apply when considering whether to review a case. (AR 9–10) Prior to the new rule, the Appeals Council was directed to consider additional evidence submitted by a claimant relating to the period on or before the date of the ALJ hearing even if it was submitted after the hearing. After the new rule went into effect, a claimant must show "good cause" for not submitting the evidence at least five days prior to his ALJ hearing. (AR 9–10) (*see* 20 C.F.R. § 404.970(a)(5)). The Commissioner informed him that because his case "was pending at the Appeals council before our rule about when to give us evidence became effective, we will find that you showed good cause for not submitting additional evidence earlier." (AR 10). Even more explicitly, the Commissioner said in the letter, "We will find that some other unusual unexpected, or unavoidable circumstance beyond your control prevented you from telling us about or giving us the evidence earlier." (AR 10).

When Plaintiff requested review by the Appeals Council, he sent them additional evidence: "medical source statements" from Dr. John Gilliam, M.D., and Dr. Christine Carrejo, M.D. (AR 2). Plaintiff claims that both practitioners are treating physicians who

support Plaintiff's disability claim.[1] (Op. Br. at 8; Doc. 13 at 1, 9). The Appeals Council denied review of the ALJ's decision and, though the opinions "relate[d] to the period at issue," found the new evidence did "not show a reasonable probability that it would change the outcome of the decision," but also did not "consider and exhibit this evidence." (AR 1–2). The Commissioner argues that the additional evidence is not part of the record, and, therefore, Plaintiff must show good cause under 42 U.S.C. § 405(g) for not offering the evidence to the ALJ. (Resp. at 3).

The Commissioner is incorrect that the new evidence is not part of the record. The Ninth Circuit has held that courts will "consider on appeal both the ALJ's decision and the additional material submitted to the Appeals Council." *Ramirez v. Shalala*, 8 F.3d 1449, 1452 (9th Cir. 1993); *accord Brewes v. Comm'r of Social Sec. Admin*, 682 F.3d 1157, 1161–62 (9th Cir. 2012) ("We are persuaded that the administrative record includes evidence submitted to and considered by the Appeals Council."); *see also O'Dell v. Shalala*, 44 F.3d 855, 858 (10th Cir. 1994) (noting that four circuits, including the Ninth Circuit, "have concluded that the new evidence becomes part of the administrative record even when the Appeals Council denies review, and that it should be considered when assessing the Secretary's decision for substantial evidence"). The Commissioner argues that the Appeals Council's order says it did not consider the material when deciding whether to review the ALJ's decision, so it is not part of the record. (Resp. at 6). The Court is unable to reconcile that statement with the previous sentence in the order finding that the evidence does not show a reasonable probability of changing the ALJ's decision.

---

[1] The Court is skeptical of Plaintiff's position that Drs. Gilliam and Carrejo are treating physicians. To qualify as a "treating source," the source must have "an ongoing treatment relationship," seeing the patient "with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation required." 20 C.F.R. § 1527(a)(2). From the record, the Court is unable to determine whether Drs. Gilliam and Carrejo have, or previously had, an ongoing treatment relationship with consistent visits or if the only time they saw Plaintiff was when they issued their reports in February 2016. The Commissioner, however, does not contest Plaintiff's characterization of Drs. Gilliam and Carrejo as treating physicians, so the Court will assume they are treating physicians for the purposes of this order.

*See Elgrably v. Comm'r of Social Sec. Admin.*, No. CV-17-04760-PHX-JAT, 2018 WL 5264074, at *12 (D. Ariz. Oct. 23, 2018) (reasoning the Appeals Council did not consider additional evidence when its order denying review stated the evidence related to a period outside the applicable time period); *Daywitt v. Colvin*, No. CV-15-02476-PHX-BSB, 2017 WL 393601, at *4 (D. Ariz. Jan. 30, 2017) (same). Unlike *Elgrably* and *Daywitt*, the Appeals Council made a finding about the merits of the additional evidence and considered whether it would change the outcome of the decision. Therefore, it is part of the record.

Because the additional material should have been made part of the record, the Commissioner's argument that Plaintiff needs to show good cause under 42 U.S.C. § 405(g) is unpersuasive for two reasons. First, that statute governs the consideration of "other additional evidence" outside the record, not evidence that had already been submitted to the Commissioner. Second, the record itself shows the Commissioner told Plaintiff she would find Plaintiff had showed good cause for not submitting the additional evidence earlier, as his appeal was already pending at the time the change to 20 C.F.R. § 404.970 went into effect. Accordingly, Plaintiff is correct that the new evidence is part of the record.

2. Rejection of Plaintiff's Treating Physicians' Opinions

In his third argument, Plaintiff shows why the Commissioner's failure to consider the additional evidence is not harmless. The ALJ's decision was the final decision of the Commissioner. *See Brewes*, 682 F.3d at 1161. This Court reviews that decision for substantial evidence, based on the record as a whole. *Id.* In doing so, only the reasons relied upon by the ALJ can be considered. *Molina*, 674 F.3d at 1121; *Connect*, 340 F.2d at 874. However, the ALJ's ruling understandably has no discussion of the evidence submitted after her decision. If they are treating physicians, the opinions of Drs. Gilliam and Carrejo are entitled to extra weight. 20 C.F.R. § 404.1527(c); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). A treating physician's opinion can only be rejected for "specific and legitimate reasons." *Lester*, 81 F.3d at 830. Here, because ALJ Knight

never had a chance to look at the new treating doctors' evidence, she did not provide "specific and legitimate reasons" for rejecting the doctors' opinions. That constitutes error.

In an effectively similar case, the Ninth Circuit held that harmless error review applies when a treating source's medical opinion is not considered in an ALJ's decision. *Marsh v. Colvin*, 792 F.3d 1170, 1172 (9th Cir. 2015). Reviewing for harmless error is a "fact-intensive" endeavor where "'no presumptions operate'" and the court "analyzes harmlessness in light of the circumstances of the case." *Id.* at 1172 (quoting *Molina*, 674 F.3d at 1121). "Our precedents have been cautious about when harmless error should be found," *id.* at 1173, and errors are only harmless when a reviewing court "can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination," *Stout v. Comm'r, Social Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006). Remand is appropriate when the circumstances "show a substantial likelihood of prejudice." *Mcleod v. Astrue*, 640 F.3d 881, 888 (9th Cir. 2011).

In *Marsh*, the ALJ failed to consider a treating doctor's clinical progress notes. 792 F.3d at 1171. The notes tracked the claimants progress for over three years. *Id.* In finding the error not harmless, the Ninth Circuit reasoned that the more significant the legal error, the more certain a reviewing court should be that it was harmless. *Id.* Even though the "district court gave persuasive reasons to determine harmlessness," the Court vacated its order and remanded with instructions to invite the ALJ to comment on the unmentioned medical opinions and records. *Id.* at 1173. It reasoned that "the decision on disability rests with the ALJ and the Commissioner of the Social Security Administration in the first instance, not with a district court." *Id.* (citing 20 C.F.R. § 404.1527(d)(1–3)). Because a treating source's medical opinion can only be rejected for specific and legitimate reasons, the Court reasoned they could not "confidently conclude" that the ALJ not considering his medical opinion, which described the claimant as "pretty much nonfunctional," was harmless.

Here, the ALJ considered opinions of doctors that described both his mental health

- 7 -

and his physical limitations. Dr. Gill and Dr. Motle opined on Plaintiff's mental health. Dr. Gill thought he only had "mild limitations" that would last less than a year, which was "consistent with State-agency reviewing physicians who also opined the claimant's mental impairments were non-severe." (AR 27). Dr. Motle opined the Plaintiff's "symptoms related to [his] PTSD, depression and A.D.D., [sic] could interfere with job situations and regular employment." (*Id.*). The ALJ discounted Dr. Motle's opinion because it was "vague" and lacked supportive evidence. (*Id.*). Unlike Dr. Motle's opinion, the additional evidence provided by Dr. Carrejo is much more specific. Dr. Motle provided a one-paragraph letter. (AR 750). Dr. Carrejo's assessment diagnosed Plaintiff with PTSD, ADHD, and Dysthymia. (Doc. 13 at 10). It includes estimates of how often Plaintiff's impairments would cause him to miss work (more than three times a month), an opinion that his psychiatric conditions exacerbate Plaintiff's pain from his physical ailments, that his prescribed medication for his conditions would result in fatigue and agitation, and much more. (*Id.* at 11–12, 19). Her clinical findings described Plaintiff as "easily overwhelmed by multi-stimuli, timed events and deadlines, loud gatherings," and that he had "decreased memory, focus, and concentration." (*Id.* at 11). Because the ALJ's reasons for discounting Dr. Motle's opinion do not apply to Dr. Carrejo, this Court cannot "confidently conclude" that "no reasonable ALJ" could have reached a different disability determination. Accordingly, the error was not harmless.

The same goes for Dr. Gilliam's assessment. (Doc. 13 at 1–8). The ALJ considered evidence from doctors about Plaintiff's claimed neck and lower back pain. (AR 30–34). She found that the physicians' "objective findings do not support the claimant's subjective complaints to the extent alleged." (AR 32). Dr. Gilliam opined that Plaintiff's function of his hip/thigh, shoulder and/or arm, spine, and hand are impaired. (Doc. 13 at 2). He estimated these impairments would cause Plaintiff to miss more than four workdays a month. (*Id.*). He also estimated Plaintiff could not sit and be productive for more than one hour in an eight-hour workday, nor stand and be productive for more than one hour in an eight-hour workday. (*Id.* at 3). He diagnosed Plaintiff with right

shoulder rotator cuff tendinosis and nerve compression in his spine. (*Id.* at 4). He noted Plaintiff frequently experiences pain severe enough to interfere with his attention and concentration and uses a walker to assist in ambulation. (*Id.* at 6).

Though Dr. Gilliam's assessment is contradicted by other physicians' opinions that the ALJ considered (*see* AR 31–33), treating physicians' opinions are entitled to extra weight, and the Commissioner did not provide specific reasons for rejecting Dr. Gilliam's. Additionally, the Court is without some information necessary to properly weigh Dr. Gilliam's medical opinions. *See* 20 C.F.R. § 404.1527(c) (explaining the factors for how the Social Security Administration weighs medical evidence, such the "length of the treatment relationship and the frequency of examination" and the "nature and extent of the treatment relationship"). Given the extra weight entitled to treating physicians, the Court cannot conclude "no reasonable ALJ" could have reached a different conclusion. Thus, the error was not harmless.

3. VE Ripp's Data

Prior to the administrative hearing, Plaintiff requested a subpoena to require VE Ripp to bring the documents she would rely on to form opinions about the number of jobs available for plaintiff given his condition. (AR 376–78). Alternatively, Plaintiff asked the court to require VE Ripp to send the names of the sources for him to procure. *Id.* The ALJ denied the request, reasoning it was burdensome, VE Ripp was available for examination by the Plaintiff's representative, and the "Ninth Circuit directly holds that a vocation expert's 'recognized expertise provides the necessary foundation for his or her testimony.'" (AR 23) (citing *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005)). At the administrative hearing VE Ripp answered various hypotheticals from the ALJ about the number of jobs available in the national economy depending on what sort of activities Plaintiff can perform. (AR 72–77). In her decision, she found that there were jobs available in significant numbers based on Plaintiff's age, education, work experience, and RFC. (AR 35).

The ALJ did not err by denying Plaintiff's subpoena's request and using VE

Ripp's testimony to establish job numbers. "An ALJ may take administrative notice of any reliable job information, including information provided by a VE." *Bayliss*, 427 F.3d at 1218 (citing *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir 1995)). Plaintiff argues that *Bayliss*'s "categorical approach was overruled" by the recent *Biestek* decision. (Doc. 20 at 2). While it is true that a dissent questioned *Bayliss*, the majority opinion does not cite it. *Biestek*, 139 S. Ct. at 1162 (Gorsuch, J., dissenting). The central holding from *Biestek* is in fact that testimony from a VE who does not disclose underlying data can be considered substantial evidence. *Id.* at 1152; *see Lemberg v. Berryhill*, No. 17-15832, 2019 WL 1787530, at *2 (9th Cir. April 24, 2019) (VE testimony "constituted substantial evidence despite the VE's failure to provide underlying data.") (citing *Biestek*, 139 S. Ct. at 1157 and *Bayliss*, 427 F.3d at 1218).

As *Biestek* explains, there are ways to show a VE's testimony is unreliable. *See* 139 S. Ct. at 1157. Withholding of data, "combined with other aspects of the record" may show that her testimony "lacks other markers of reliability." *Id.* "Even though the applicant might wish for the data, the expert's testimony still will clear (even handily so) the more-than-a-mere-scintilla threshold." *Id.* Furthermore, the argument that Plaintiff needs the data to cross-examine the VE was rejected in *Biestek*. "Even without specific data, an applicant may probe the strength of testimony by asking an expert about (for example) her sources and methods—where she got the information at issue and how she analyzed it and derived her conclusions." *Id.* at 1156.

In this case, Plaintiff gave the ALJ no reasons to doubt VE Ripp's testimony. He did not present any information at the hearing to contradict it, and he did not even cross-examine her on it. He points to nothing in the record that shows it lacks "markers of reliability." VE Ripp's testimony is thus more than a scintilla of evidence and the ALJ did not error by relying on it.

**IV.    Conclusion**

Plaintiff raises materially harmful error on the part of the Commissioner, and, for the reasons set forth above, the Court must reverse the Commissioner's decision denying

Plaintiff's Application for Social Security Disability Insurance and Supplemental Security Income Benefits and remand for consideration of the additional evidence submitted to the Appeals Council. The ALJ, on the other hand, did not error by relying on VE Ripp's testimony for the numbers of jobs available.

IT IS THEREFORE ORDERED reversing the November 25, 2015, decision of the Administrative Law Judge, (AR 23–36), as upheld by the Appeals Council on August 11, 2017. (AR 1–4).

IT IS FURTHER ORDERED remanding this case to the Social Security Administration for consideration of Plaintiff's additional evidence submitted to the Appeals Council.

IT IS FURTHER ORDERED directing the Clerk to enter final judgment consistent with this Order and close this case.

Dated this 14th day of May, 2019.

_____
Honorable Susan M. Brnovich
United States District Judge